IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CV92

| | |
|---|---|
| REGINALD V. ANTHONY,      ) | |
| ) | |
| **Plaintiff,**      ) | |
| ) | |
| v.      ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| NANCY A. BERRYHILL,      ) | |
| **Acting Commissioner of Social Security,**      ) | |
| ) | |
| **Defendant.**      ) | |
| _____      ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 11, 13). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be granted, and the Commissioner's motion for summary judgment be denied.

## I.      Procedural Background

On August 21, 2012, Plaintiff protectively filed an application for a period of disability, disability insurance benefits, and supplemental security income. (Transcript of Administrative Record ("T.") 18.) Plaintiff alleged a disability onset date of June 15, 2011. (T. 18.) The Social Security Administration denied Plaintiff's claims initially on December 11, 2012. (T. 18.) The claims were denied upon reconsideration on September 20, 2013. (T. 18.) On November 18, 2013, Plaintiff filed a written request for a hearing. (T. 18.)

On June 17, 2015, Plaintiff appeared and testified at a hearing held in Charlotte, North Carolina. (T. 18.) A vocational expert, Stephen Ratliff, also appeared at the hearing. (T. 18.)

Plaintiff was represented by Melissa Wilson, a non-attorney representative. (T. 18.)

The ALJ issued a decision finding that Plaintiff was not under a disability from July 15, 2012, through July 22, 2015. (T. 18-31.) Plaintiff requested review of the ALJ's decision. (T. 1.) The Appeals Council denied Plaintiff's request for review. (T. 1-4.) On February 24, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1)

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to

2

satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled, and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.    The ALJ's Decision**

3

In his July 22, 2015, decision, the ALJ ultimately found that Plaintiff was not disabled under Sections 216(i), 233(d), and 1614(a)(3)(A) of the Social Security Act. (T. 31.) In reaching this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

(2) The claimant has not engaged in substantial gainful activity since June 15, 2011, the alleged onset date (20 C.F.R. §§ 404.1571 et seq., 416.971 et seq.).

(3) The claimant has the following severe impairments: diabetes mellitus, hypertension, dyslipidemia, obstructive sleep apnea, polyarthritis, degenerative disc disease, history of seizures, gout, obesity, and major depressive disorder (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5) The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except he requires the use of a cane to prevent falling. He can frequently climb and balance, and he should avoid concentrated exposure to hazards. The claimant is limited to simple, routine, repetitive tasks in a stable environment at a nonproduction pace.[1]

(6) The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565, 416.965).[2]

(7) The claimant was born on February 18, 1961, and he was 50 years old, which is defined as an individual closely approaching advanced age, on his alleged disability onset date (20 C.F.R. §§ 404.1563, 416.963).

(8) The claimant has at least a high school education and is able to communication in English (20 C.F.R. §§ 404.1564, 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework

---

[1] The ALJ noted that if Plaintiff had the RFC to perform a full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.14. (T. 30.)

[2] Plaintiff has past relevant work as a marker and a material handler. (T. 29.) The VE testified that Plaintiff could return to his work as a marker, but the ALJ disagreed because it was seasonal work sometimes performed on a part-time basis. (T. 29.)

4

supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10) In light of the claimant's age, education, work experience, and RFC, there are jobs that exist in substantial numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)).[3]

(11) The claimant has not been under a disability, as defined in the Social Security Act, from July 15, 2012, through July 22, 2015 (20 C.F.R. §§ 404.1520(g), 416.920(g)).

(T. 18-31.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but,

---

[3] The VE testified that the following jobs would be available to someone with Plaintiff's age, education, work experience, and RFC: wiper, which has approximately 50,000 jobs in the national economy; information clerk, which has approximately 60,000 jobs in the national economy; and electronics worker, which has approximately 120,000 jobs in the national economy. (T. 30.) The ALJ concluded that the VE's testimony was generally consistent with the Dictionary of Occupational Titles, except for the use of the cane. (T. 30.)

rather, whether the Commissioner's decision that he or she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law.  Id.

**V.     Discussion**

In Plaintiff's first and most compelling assignment of error, he argues that the ALJ failed to explain why limitations in medical opinions he gave "significant weight" were not included in the RFC.  Pl.'s Mem. Supp. (# 12) at 5-9.  Plaintiff contends that a decision based upon a "flawed" RFC determination must fail.  Id. at 5.  The Court agrees.

RFC is defined as "the most [a claimant] can do despite [his or her] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  Social Security Ruling ("SSR") 96-8p provides that the ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)."  Monroe, 826 F.3d at 189 (quotation omitted).  In formulating a RFC, the ALJ is not required to discuss each and every piece of evidence.  See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014).   The ALJ is, however, required to build a logical bridge from the evidence of record to his conclusion.  Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).  With respect to the function-by-function analysis, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his other work-related abilities on a function-by-function basis."  SSR 96-8p, 1996 WL 374184, at *1.

In the instant case, in pertinent part, the ALJ limited Plaintiff to "simple, routine, repetitive tasks in a stable environment at a nonproduction pace."  (T. 23.)  This mental RFC is not supported by substantial evidence.

When the ALJ fashioned Plaintiff's RFC, he noted that on October 8, 2012, Plaintiff was

seen by consultative examiner Morris F. Britt, Ed.D. (T. 27.) Britt opined, and the ALJ noted, that "the claimant's ability to perform simple routine repetitive tasks is <u>very</u> poor." (T. 27) (emphasis added). Britt further opined that the claimant's interaction with peers and coworkers is <u>very</u> poor because he is somewhat reclusive. (T. 27) (emphasis added). Britt found that the claimant's response to supervision would be such that he would try, but he would probably be limited in what he can do. (T. 27.) Britt further found that the claimant's ability to maintain concentration, persistence, and pace seems compromised. (T. 27.) Finally, Britt concluded that the claimant had some memory or cognitive problems and could benefit from an IQ Memory Scale Testing. (T. 27.) The ALJ accorded Britt's opinion "little weight." (T. 27.)

The ALJ gave "significant weight" to the State agency psychological consultants' opinions from October 17, 2012 and September 17, 2013. (T. 28.) As the ALJ noted, both consultants opined that Plaintiff can understand and remember "very short and simple instructions." (T. 28, 82, 101, 121, 139.)

The ALJ found that Plaintiff's major depressive disorder was a severe impairment. (T. 20.) When the ALJ fashioned Plaintiff's RFC, the ALJ did not limit Plaintiff to "very short and simple instructions." (T. 28.) The ALJ failed to explain this oversight. <u>See</u> (T. 23-29.) The Court is at a loss to discern how the ALJ determined Plaintiff's mental RFC. The ALJ gave "little weight" to Britt's opinion. (T. 27.) Moreover, the ALJ noted that <u>throughout</u> the record there were Global Assessment of Functioning ("GAF") scores by Plaintiff's clinicians, which indicated "a transient to <u>serious impairment in functioning</u>." (T. 28) (emphasis added). The ALJ almost summarily dismissed these scores. (T. 28.) The medical opinions that the ALJ purportedly gave "significant weight" provide that Plaintiff was limited to "very short and simple instructions." (T. 28.) Without explanation, these opinions were not adopted into the RFC. <u>See</u> (T. 23-29.)

7

In sum, the ALJ did not build a logical bridge from the evidence of record to Plaintiff's mental RFC. See Clifford, 227 F.3d at 872. Because the ALJ's RFC finding is not supported by substantial evidence, remand is warranted.[4]

**VI.   Conclusion**

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 11) be GRANTED, and this case be REMANDED for further proceedings. The Commissioner's motion for summary judgment (# 13) be DENIED.

Signed: February 25, 2018

Dennis L. Howell
United States Magistrate Judge

---

[4] Plaintiff moves for an order of remand. See Pl.'s Mem. Supp. (# 12) at 15-16. Because Plaintiff has established that he is entitled to remand on his first assignment of error, the Court need not address the remaining assignments of error.

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).