UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-92

| | |
|---|---|
| **REGINALD V. ANTHONY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation ("M&R") issued in this matter (#15). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed. See Pl. Objections (#16).

**I.  Background**

In the M&R in this case, Honorable Judge Dennis L. Howell, United States Magistrate Judge, analyzed the available record, including the disability decision from the State of North Carolina and the decision of the Administrative Law Judge ("ALJ") (#15). Ultimately, Judge Howell recommended that the court grant plaintiff's Motion for Summary Judgment (#11) and remand the case for further proceedings and explanation from the ALJ.

Defendant has filed objections to the M&R (#16). The magistrate judge made two findings that defendant objects to. First, the magistrate judge held that there was a discrepancy between the State agency opinions and the ALJ's mental residual functional capacity ("RFC") finding,

-1-

requiring remand for further explanation from the ALJ. Defendant objects, arguing that the ALJ did sufficiently explain his mental RFC finding and that the ALJ's finding was supported by substantial evidence which was appropriately cited. Second, the magistrate judge found that the ALJ failed to explain his reasons for giving little weight to a consultative examiner's opinion and plaintiff's Global Assessment of Functioning ("GAF") scores in the record. Defendant objects, arguing that the ALJ fully explained his reasons for giving little weight to those elements of the record. The court will consider defendant's objections below.

## II.     Legal Standard

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982).  Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.  Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation, the ALJ's decision, and the record as a whole in determining whether defendant's objections are valid.

**III. Discussion**

    **A.    First Objection**

With regard to defendant's first objection, defendant argues that there was no discrepancy between the State agency opinions and the ALJ's mental RFC finding. In the M&R, the magistrate judge found that the ALJ gave significant weight to State agency medical opinions that limited plaintiff to "very short and simple instructions;" however, such a limitation to very short and simple instructions was not included in the ALJ's assessment of plaintiff's mental RFC. (Tr. 28). Instead, the ALJ's stated limitation based on plaintiff's mental RFC is that plaintiff is "limited to simple, routine, repetitive tasks in a stable environment at a nonproduction pace." (Tr. 23). The magistrate judge found that such a distinction requires remand for further explanation from the ALJ, suggesting that there is a conflict between the ALJ's chosen limitation and the State agency consultants' notation that plaintiff should be limited to very short and simple instructions.

After closely reviewing the record, the court finds that the ALJ's RFC finding does not conflict with his giving great weight to the State agency physician opinions. Indeed, the ALJ explicitly noted that the State agency consultants concluded that plaintiff "is able to understand and remember very short and simple instructions" and "carry out short and simple instructions." (Tr. 28). However, the ALJ also noted that this was simply support for their overall final opinion that plaintiff "is capable of performing simple, routine, repetitive tasks in a low stress work setting." (Tr. 28). In reviewing these opinions and adopting them, the ALJ has accounted for their opinions in a manner consistent with his RFC finding, as the agency consultants' opinion that plaintiff "is capable of performing simple, routine, repetitive tasks in a low stress work setting" is entirely consistent with the ALJ's ultimate finding that plaintiff is "limited to simple, routine,

repetitive tasks in a stable work environment at a nonproduction pace." (Tr. 23-28). Such limitation also does not conflict with the agency consultants' notes on plaintiff's ability related to short and simple instructions, as the agency consultants themselves clearly believe that simple, routine, repetitive tasks are inclusive of very short and simple instructions. (Tr. 28); see also Grubby v. Astrue, 2010 WL 5553677, at *13 (W.D.N.C. 2010), memorandum and recommendation adopted, 2011 WL 52865 (W.D.N.C. 2011) ("[A]fter stating that plaintiff was limited to very short and simple instructions, Dr. Burgess rendered an overall, concluding opinion that Plaintiff could perform 'SRRT,' which is shorthand for 'simple, routine, repetitive tasks.' . . . Common sense dictates that instructions that are simple would be inclusive of instructions that are short."); Horning v. Colvin, 2016 WL 1123103, at *4 (W.D.N.C. 2016) (noting that POMS DI 25020.010 "instructs an ALJ to consider the narrative portions of a psychological assessment, as opposed to the check form portion, when developing the RFC").

The court also notes that, even accepting that the ALJ committed error, remand does not appear to be necessary on this basis. Even if the ALJ had explicitly stated a limitation of understanding and remembering only "very short and simple instructions," the record does not show that the jobs identified and relied upon by the ALJ exceed that limitation. The jobs of wiper, electronics worker, and information clerk all fall into the "unskilled" category of jobs. (Tr. 30, 64-65). As such, they require "little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a); see also SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000) ("unskilled work corresponds to a [specific vocational preparation level] of 1-2"). They also require the ability to understand, carry out, and remember simple instructions, SSR 85-15p, at *4, which means the ability to understand, remember, and carry out

"very short and simple instructions." POMS DI 25020.010B.2. As a result, even if the court agreed error occurred, it would be harmless and not require remand for further proceedings. Tanner v. Comm'r of Soc. Sec., 2015 WL 574222, at *5 (4th Cir. 2015) (holding that reversal is unnecessary, in part because "it is highly unlikely, given the medical evidence of record, that a remand to the agency would change the Commissioner's finding of non-disability"); see also Bryant v. Colvin, 571 F. App'x. 186, 190 (4th Cir. 2014), cert. denied, 135 S. Ct. 727 (2014) (finding harmless errors in the decision, but declining to overrule the ALJ's determinations because they were supported by substantial evidence); Smith v. Colvin, 2014 WL 1203282, at *7 (W.D.N.C. 2014) (holding that error was harmless where "remand would not lead to a different result"). Indeed, this only further reinforces the idea that "simple, routine, repetitive work" is a broader limitation that encompasses the ability to remember short and simple instructions.

As such, the court finds the ALJ satisfied his burden and that remand is not necessary on this basis, as the ALJ has built a logical bridge from the evidence of record to his conclusion, Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000), and no apparent or unresolved conflict exists between the opinion of the consultants and the ALJ's RFC finding. See Rholetter v. Colvin, 639 F. App'x. 935 (4th Cir. 2016).

### B. Second Objection

In his second objection, defendant asserts that the ALJ properly explained why he gave little weight to the opinion of Dr. Britt, a consultative examiner, and to GAF scores that reflect poorly on plaintiff's mental functioning. In the M&R, the magistrate judge found that the ALJ "almost summarily dismissed these scores" and Dr. Britt's opinion, requiring remand since both conflicted with the ALJ's mental RFC finding.

After closely reviewing the record, the court finds that the ALJ did not summarily dismiss either piece of evidence. Rather, the ALJ explains his findings at length and cites to materials in the record that informed his decision. Below is the text of the ALJ's decision where he discusses Dr. Britt's opinion:

> At the consultative examination on October 8, 2012 [conducted by Dr. Britt], the claimant endorsed symptoms of depression, yet his mental status examination again showed a high degree of mental functioning [Tr. 591-92]. On the mental status portion of the examination, he was goal directed, displayed adequate social skills, and had good eye contact [Tr. 592]. His emotional responsiveness was normal and he exhibited appropriate emotional expressions to though[t] content and situation [Tr. 592-93]. This evidence corroborates a finding that claimant's mental impairment, while severe, does not preclude him from performing all basic mental work activities.
>
> As for the medical opinion evidence, on October 8, 2012, consultative examiner Morris F. Britt, Ed.D. opined that the claimant's ability to perform simple routine repetitive tasks is very poor [Tr. 594]. His interaction with peers and coworkers is very poor and he is somewhat reclusive [Tr. 594]. His response to supervision is such that he would try, but he would probably be limited in what he can do [Tr. 594]. His ability to maintain concentration, persistence and pace seems compromised [Tr. 594]. He seems to have some memory or cognitive problems and could benefit from an IQ Memory scale Testing [Tr. 594].
>
> The undersigned accords little weight to this opinion. Dr. Britt's opinion regarding the claimant's social interaction is in contrast with his own examination performed on the claimant, in which he noted that the claimant displayed adequate social skills [Tr. 592]. Furthermore, although the claimant stated that he avoids authority figures, he also reported no problems with them [Tr. 592]. Additionally, the claimant worked at his prior job for years, presumably under direct supervision, and was let go secondary to a mass company lay-off, not disciplinary issues [Tr. 295]. While the claimant may have legitimate memory or cognitive deficits, there are no tests of record to confirm these deficits. Furthermore, the claimant maintained employment in spite of these limitations. The undersigned therefore accords little weight to this opinion.

(Tr. 27-28). The court is satisfied with the ALJ's discussion and explanation here as it has enabled meaningful review and clearly provides the basis for his weighting of this opinion. The ALJ noted that he took Dr. Britt's opinion into consideration, but due to inconsistencies within the opinion

itself, an extensive employment history for plaintiff that suggests appropriate mental functioning, and a lack of evidence in the rest of the record to support it, the ALJ chose to give the opinion little weight. After reviewing the evidence cited to by the ALJ, his decision is consistent with and supported by substantial evidence in the record, and such an explanation from the ALJ satisfies his burden to construct a narrative based on the evidence of record and to "[s]how your work." Patterson v. Comm'r of Social Security, 846 F.3d 656, 663 (4th Cir. 2017).

Similarly, the court finds that the ALJ appropriately explained his reasoning for giving little weight to the GAF scores in the record. Below is the text of the ALJ's decision where he discusses the GAF scores:

> Throughout the record, the claimant is assigned Global Assessment of Functioning ("GAF") scores by his clinicians [Tr. 594, 643, 649, 653, 657, 846, 849, 851]. These GAF scores range from 50 to 75, and indicate a transient to serious impairment in functioning. The undersigned gives these GAF scores little weight because they represent the clinician's subjective evaluation at a single point in time and not the claimant's overall limitations in functioning. Furthermore, [a] GAF score may also indicate problems that do not necessarily relate to the ability to hold a job; thus, standing alone without further explanation, the scores do not evidence an impairment that interferes with the claimant's ability to perform basic work functions. The undersigned, therefore, gives little weight to these GAF scores.

(Tr. 28). Again, the court is satisfied by the ALJ's explanation here. The ALJ stated that he took note of the GAF scores, but explained that they are both an "inconsistent source," since they represent a specific point in time instead of overall functional limitations, and potentially an "irrelevant source," since they do not necessarily relate to the ability to hold a job without further explanation. The ALJ noted before that no tests of record demonstrate deficits in plaintiff's cognitive abilities. As such, the court finds that the ALJ has satisfied his burden to explain his decision and show his work, as the court's review shows that the ALJ's findings are consistent with the cited evidence of the record and sufficiently explained to allow for meaningful review.

Patterson, 846 F.3d at 663.

Finally, the M&R does not identify any other grounds for remand, and plaintiff did not offer any objections to the M&R's findings; as such, the court declines to perform a *de novo* review of other aspects of the Commissioner's decision. Thomas, 474 U.S. at 149; Camby, 718 F.2d at 200. As the ALJ's decision is supported by substantial evidence and there are no further grounds for remand, the court will decline to adopt the magistrate judge's recommendation and find for defendant on summary judgment.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#15) is **REVERSED,** defendant's Motion for Summary Judgment (#13) is **GRANTED,** plaintiff's Motion for Summary Judgment (#11) is **DENIED**, the decision of the Commissioner is **AFFIRMED**, and plaintiff's case is **DISMISSED**.

The Clerk of Court is respectfully instructed to enter a judgment consistent with this Order.

Signed: March 30, 2018

Max O. Cogburn Jr
United States District Judge